ARTHUR G. AND ELISA R. LUJAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lujan v. Commissioner
Docket No. 27285-89
United States Tax Court
T.C. Memo 1992-417; 1992 Tax Ct. Memo LEXIS 440; 64 T.C.M. (CCH) 259; July 23, 1992, Filed *440 Decision will be entered under Rule 155. For Petitioners: Peter M. Wolverton and Gloria Scott. For Respondent: Russell A. Acree III. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned for trial pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioners' 1985 and 1986 Federal income tax in the respective amounts of $ 1,591 and $ 1,112. After a concession by respondent, the issue for decision is whether petitioners' cattle-related activity during 1985 and 1986 was an activity engaged in for profit as required under section 183. Some of the facts have been stipulated and they are so found. The stipulation and attached exhibits are herein incorporated by this reference. Petitioners were residents of San Antonio, Texas, at the time the petition herein was filed. After military service in World War II, Arthur G. Lujan (hereinafter petitioner) worked in general maintenance as a civil service employee at Kelly Field *441 Air Force base in San Antonio, Texas, for some 31 years until his retirement in 1977. Petitioner was also employed in general maintenance at Guess Uniform Services for some 25 years until 1985 when he was forced to retire as a result of an automobile accident. During much of this period, petitioner raised cattle on property owned by his daughter. In or about 1982, petitioner moved the few remaining head of cattle to a 21-acre tract of farm land he had purchased in 1976. The 21-acre tract was located approximately 20 miles from petitioner's residence. Petitioner fenced in about one-half of the 21-acre tract for his cattle and planted the remaining one-half in oats and coastal Bermuda grass. He also constructed cattle pens and storage sheds on the property. Petitioner claimed deductions for farm losses on Schedule F of his 1985 and 1986 returns in the respective amounts of $ 10,779.10 and $ 7,679.31 which were disallowed by respondent. Section 183(a) provides that if an activity is not engaged in for profit, no deduction attributable to such activity shall be allowed except as otherwise provided in section 183(b). In determining whether an activity is one engaged in for profit, *442 petitioners must prove an "actual and honest objective of making a profit". Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983). Petitioners bear the burden of proof. Rule 142(a); Golanty v. Commissioner, 72 T.C. 411 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). The regulations set forth a nonexclusive list of factors for consideration when making a profit objective determination. They are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on the activity; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) elements of personal pleasure or recreation. Sec. 1.183-2(b), Income Tax Regs. No single factor, nor the existence of a *443 majority of the factors, is controlling; rather "The facts and circumstances of the case in issue remain the primary test." Abramson v. Commissioner, 86 T.C. 360, 371 (1986). Greater weight is to be given to the objective facts than to the taxpayer's mere statement of intent. Beck v. Commissioner, 85 T.C. 557, 570 (1985); Sec. 1.183-2(a), Income Tax Regs.
After consideration of all the relevant facts and circumstances we conclude that petitioners did not engage in their Schedule F activity with the requisite profit objective. Petitioner apparently carried on his cattle-raising activity in a markedly casual manner. He did not maintain a separate bank account for the activity. No electricity or water was available on the 21-acre tract. Petitioner made no effort to seek expert advice from the county extension agent with respect to cattle-raising. Petitioner incurred losses from his cattle activity in each of the years 1982 through 1988. He reported a Schedule F net profit of $ 119 in 1989, the year in which he abandoned the cattle-raising activity. A record of losses over the years and the unlikelihood of achieving a profitable operation *444 are important factors bearing upon a taxpayer's true objective. See Jasionowski v. Commissioner, 66 T.C. 312, 322 (1976). It does not appear that petitioner made any serious effort to make an informed business judgment on the economic prospects of his venture over the years. Although he testified he kept records, he failed to produce these records and documents at trial. Petitioner claimed that such records, which were purportedly kept in his pickup truck, somehow disappeared when his vehicle was struck by a truck in 1985. While the mishap may conceivably explain why petitioner was unable to produce his 1985 records, it does not explain why the mishap prevented the production of the 1986 records. The record is far from clear as to the number of cattle actually owned by petitioner during the period involved. In any event, it would appear from the sketchy testimony that petitioner had some 12 head of cattle at the beginning of 1985 and that he had some 6 head of cattle left at the end of 1986. He ceased his cattle operation entirely in 1989. We have considered as a factor petitioner's testimony that his 21-acre farm had doubled in value since he purchased *445 it. The purported appreciation in value is without any supporting evidence in the record. The holding of land primarily for its appreciation in value and a farming activity may, under certain circumstances, be considered a single activity for purposes of section 183, but only if the farming activity reduces the net cost of carrying the land for its appreciation in value. See sec. 1.183-1(d), Income Tax Regs. Here, there is no persuasive evidence in the record to show that petitioner's cattle-raising activity reduced the cost of carrying the land for its purported appreciation in value. Consequently, we give little weight to this factor. In considering this record, we are mindful of the personal difficulties confronted by petitioner during this period and the effect many difficulties might have had on his cattle-raising endeavors. Nonetheless, after a consideration of the entire record, we find that petitioner did not engage in his cattle-raising activity during the period involved with an actual and honest objective of making a profit. Respondent must, therefore, be sustained. Decision will be entered under Rule 155.